T.C. Memo. 2008-178

UNITED STATES TAX COURT

RONALD C. PARKER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10148-07L.                    Filed July 29, 2008.

Ronald C. Parker, pro se.

Lisa K. Hunter, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).[1]  We
shall grant respondent's motion.

_____

    [1]Although the Court ordered petitioner to file a response to
respondent's motion, petitioner failed to do so.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner's address shown in the petition in this case was in Omaha, Nebraska.

Petitioner did not file a Federal income tax (tax) return for any of his taxable years 2000, 2001, and 2002.  Respondent prepared a substitute for return for each of those years.

On April 21, 2005, respondent issued to petitioner a notice of deficiency with respect to his taxable years 2000, 2001, and 2002 (notice of deficiency for 2000, 2001, and 2002), which he received.  In that notice, respondent determined the following deficiencies in, and additions to, petitioner's tax:

| | | Additions to Tax Under | | |
| Year | Deficiency | Sec. 6651(a)(1)[2] | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2000 | $6,367 | $1,432.58 | *$1,559.92 | $340.08 |
| 2001 | 14,049 | 3,161.03 | *2,599.07 | 561.46 |
| 2002 | 10,892 | 2,450.70 | *1,361.50 | 363.98 |

*Respondent determined that the addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent for each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

Petitioner did not file a petition with the Court with respect to the notice of deficiency for 2000, 2001, and 2002.

---

[2]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

On September 26, 2005, respondent assessed the following tax, additions to tax, and interest as provided by law for petitioner's taxable years 2000, 2001, and 2002:

| | | Additions to Tax Under | | | |
| | | Sec. | Sec. | Sec. | |
| Year | Tax | 6651(a)(1) | 6651(a)(2) | 6654(a) | Interest |
| 2000 | $6,367 | $1,432.58 | $1,559.92 | $340.08 | $2,176.88 |
| 2001 | 14,049 | 3,161.03 | 2,599.07 | 561.46 | 3,331.58 |
| 2002 | 10,892 | 2,450.70 | 1,361.50 | 363.98 | 1,698.78 |

On September 26, 2005, respondent issued to petitioner respective notices of balance due with respect to any unpaid assessed amounts for petitioner's taxable years 2000, 2001, and 2002.

On November 14, 2005, respondent assessed additional additions to tax under section 6651(a)(2) of $31.83, $421.47, and $326.76 for petitioner's taxable years 2000, 2001, and 2002, respectively.

On November 14, 2005, respondent issued to petitioner respective notices of balance due with respect to any unpaid assessed amounts for petitioner's taxable years 2000, 2001, and 2002.

On December 19, 2005, respondent assessed additional additions to tax under section 6651(a)(2) of $70.24 and $54.46 for petitioner's taxable years 2001 and 2002, respectively.

On December 19, 2005, respondent issued to petitioner respective notices of balance due with respect to any unpaid

assessed amounts for petitioner's taxable years 2001 and 2002. (We shall refer to any unpaid assessed amounts with respect to petitioner's respective taxable years 2000, 2001, and 2002, as well as interest as provided by law accrued thereafter, as petitioner's unpaid liabilities for 2000, 2001, and 2002.)

On August 29, 2006, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing under IRC 6320 (notice of tax lien) with respect to petitioner's unpaid liabilities for 2000, 2001, and 2002. Petitioner did not request a hearing with respondent's Appeals Office (Appeals Office) with respect to that notice.

On October 16, 2006, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's unpaid liabilities for 2000, 2001, and 2002.

On November 13, 2006, petitioner timely submitted to respondent Form 12153, Request for a Collection Due Process Hearing (petitioner's Form 12153), with respect to the notice of intent to levy. In that form, petitioner indicated his disagreement with the notice of intent to levy and requested a hearing with the Appeals Office. In petitioner's Form 12153, petitioner stated in pertinent part:

> I TOLD IRS IN OMAHA, MOST OF MY MONEY CAME FROM MY
> MOTHER WHEN SHE DIED AND SOME CAME FROM GAMBLING. THEY
> COULD NOT PROVE THE MONEY CAME FROM GAMBLING AND I
> CANNOT PROVE MONEY CAME FROM MY MOTHER SO THEY JUST

DECIDED THE MONEY WAS GAMBLING.  NO WAY COULD ANYONE
WIN THAT MUCH MONEY AT A CASINO WITH NO CASINO RECORD.

By letter dated December 5, 2006 (respondent's December 5,
2006 letter), respondent acknowledged receipt of petitioner's
Form 12153.  That letter stated in pertinent part:

☒    6.    To expedite the processing of your request,
please complete the enclosed Collection Informa-
tion Statement, and return this form in the enve-
lope provided by December 14, 2006.

☒    7.    Additional information is needed to expedite
the processing of your request.  Please contact me
at the number listed above by December 14, 2006.
If I do not hear from you by this date, your re-
quest will be forwarded to your local Appeals
Office for consideration.

☒    8.    Other      IRS accepts an Audit Reconsidera-
tion Request If:  You have informa-
tion that we have not considered
previously which might change the
amount of tax you owe, or credit
you believe you are entitled to.  I
have enclosed Publication 3598 for
your convenience.  If you would
like to request an Audit Reconsid-
eration at this time, our Collec-
tions Department can place a hold
on your account to allow you to
process your request.  Please con-
tact me at the number listed above
if you are considering an Audit
Reconsideration.

Petitioner did not respond to respondent's December 5, 2006
letter.

By letter dated December 21, 2006, respondent informed
petitioner that he would be "notified within 60 days of the date
and time of your hearing, by an Appeals office."

A settlement officer with the Appeals Office who was assigned petitioner's Form 12153 (settlement officer) sent petitioner a letter dated February 27, 2007 (settlement officer's February 27, 2007 letter).  That letter stated in pertinent part:

> Appeals received your request for a Collection Due Process (CDP) Hearing.  I have scheduled a telephone conference call for you on **March 20, 2007 at 1:30 CST**. This call will be your primary opportunity to discuss with me the reasons you disagree with the collection action and/or to discuss alternatives to the collection action.
>
>       *       *       *       *       *       *       *
>
> If this time is not convenient for you, the phone number has changed, or you would prefer your conference to be held by face-to-face at the Appeals office closest to your current residence, the school you attend or your place of employment or if you are a business, your business address, or by correspondence, please let me know within fourteen (14) days from the date of this letter.  I will discuss with you if there are any offices that may be more convenient for you (e.g., Appeals office nearest place of employment or school) when you contact me.
>
>       *       *       *       *       *       *       *
>
> During the hearing, I must consider:
>
> - Whether the IRS met all the requirements of any applicable law or administrative procedure
>
> - Any relevant issues you wish to discuss. These can include:
>
>     1. Collection alternatives to levy such as full payment of the liability, installment agreement, offer in compromise or temporary suspension of collection action if the action imposes a hardship condition. * * *

2.  Challenges to the appropriateness of collection action. * * *

3.  Spousal defenses, when applicable.

- We may also consider whether you owe the amount due, but **only if** you have not otherwise had an opportunity to dispute it with Appeals or did not receive a statutory notice of deficiency.

- We will balance the IRS' need for efficient tax collection and your legitimate concern that the collection action be no more intrusive than necessary.

*       *       *       *       *       *       *

Regarding the liability you are raising:

You are not able to dispute the liability because you had a prior opportunity to do so when the lien was filed in August 2006 for the same periods; therefore, this issue cannot be disputed in Appeals.

How do you wish to resolve your liabilities?  For me to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below.  In addition, you must have filed all federal tax returns required to be filed.

1.  Collection alternative(s).

2.  A completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses) including all required attachments.

3.  Form 656

4.  The $150 application fee of Form 656-A, Income Certification for Offer in Compromise Application (OIC) Fee and Payments.

5.  Verification of the 20 percent payment with the lump sum offer, or a signed Form 656-A.

     6.    Verification of the first installment payment on a periodic payment offer, or a signed Form 656-A.

     7.    A current statement of all investments, including borrowing terms.

On March 20, 2007, the settlement officer held a telephonic conference (March 20, 2007 conference) with petitioner. During that conference, petitioner claimed that he did not owe any tax. The settlement officer informed petitioner during the March 20, 2007 conference that he was not entitled to challenge the respective underlying tax liabilities for his taxable years 2000, 2001, and 2002 because he had had a prior opportunity to dispute those liabilities (1) when he received the notice of deficiency for 2000, 2001, and 2002[3] and (2) when he received the notice of tax lien with respect to those years. During the March 20, 2007 conference, the settlement officer also informed petitioner that she could consider ways to resolve petitioner's unpaid liabilities for 2000, 2001, and 2002, but petitioner stated that he was not interested. The settlement officer asked petitioner during that conference if he had submitted any of the information requested in the settlement officer's February 27, 2007 letter. Petitioner replied that he had not. The settlement officer advised petitioner during the March 20, 2007 conference that she

---

[3]Petitioner did not dispute during the March 20, 2007 conference, and does not dispute here, that he received the notice of deficiency for 2000, 2001, and 2002.

intended to issue a notice of determination with respect to petitioner's unpaid liabilities for 2000, 2001, and 2002 in which she would sustain the notice of intent to levy.

On April 5, 2007, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) with respect to petitioner's taxable years 2000, 2001, and 2002. That notice stated in pertinent part: "Relief from the proposed levy is denied."

The notice of determination included an attachment that stated in pertinent part:

### SUMMARY AND RECOMMENDATION

You requested a Collection Due Process (CDP) hearing under Internal Revenue Code § 6330 as a result of receiving Letter 11, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing. You failed to provide financial information as requested; there-fore no alternative means of collection is available to you.

Appeals determination is that relief is not granted from the levy action. No relief can be granted because you failed to propose an acceptable collection resolu-tion.

### BRIEF BACKGROUND

You requested a Collection Due Process (CDP) hearing under Internal Revenue Code § 6330 as a result of receiving Letter 11, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing.

Your Form 1040, Individual Income Tax Return for tax years ending December 31, 2000, December 31, 2001 and December 31, 2002 were filed for you through the Sub-stitute for Return Program because you did not volun-

tarily file these returns.

A letter was mailed to you dated February 27, 2007 setting up a telephonic conference for March 20, 2007. This letter requested collection alternatives and financial information to determine your ability to pay. This letter gave you the opportunity to have a face to face hearing at the Appeals office closest to your residence or by correspondence; however, you did not request either.
The requested information was never received.

You called the Settlement Officer on March 20, 2007, the day of the scheduled conference and agreed to conduct your conference over the phone.

### DISCUSSION and ANALYSIS

Under IRC § 6330(c)(2)(A) a person may raise at a Collection Due Process hearing any relevant issue relating to the unpaid tax or the proposed levy, including-

> (i)      appropriate spousal defenses;
>
> (ii)     challenges to the appropriateness of collection actions; and
>
> (iii)    offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or offer-in-compromise.

IRC § 6331(a) states that if any person liable to pay any tax neglects or refuses to pay the same after notice and demand, it shall be lawful for the Secretary to collect such tax by levy upon all property and rights to property belonging to such person. IRC § 6331(d) states a levy may be made after the Secretary has notified such person in writing of his intention to make such levy and the notice is required to be no less than 30 days before the day of the levy.

### Legal and Procedural Requirements:

With the best information available, the requirements of various applicable law or administrative

procedures have been met.

Verified through review of computer transcripts of your account:

- Assessments were made on the CDP notice periods per IRC § 6201.

- The notice and demand for payment letter was mailed to the last known address within 60 days of the assessment, as required by IRC § 6303.

- There was a balance due when the CDP notice was issued per IRC § 6322 and 6331(a).

- There is no indication that you had a pending bankruptcy when the CDP notice was issued or that you currently have a pending bankruptcy.

The Settlement Officer has not had any prior involvement regarding these liabilities under Collection Due Process in either a previous Appeals hearing or Collection activity.

**Issues relating to the unpaid liability**

- On your Form 12153, Request for a Collection Due Process Hearing, you indicated that you:

- You told the IRS in Omaha that most of the money came from your mother when she died and some came from gambling. They could not prove the money came from gambling and you cannot prove it came from your mother, so they just decided the money was gambling. No way could anyone win that much money at a casino with no casino record.

According to our records you previously received a CDP Notice in August 2006 with respect to the same tax and tax period under IRC § 6320 and did not request a CDP hearing with respect to that earlier CDP Notice; therefore, you already had an opportunity to dispute the existence or amount of the underlying tax liability.

Also, according to our records a Notice of Deficiency letter was mailed to you. This letter informed you

that the IRS determined that there was a deficiency (increase) in your tax for this year. This letter gave you the right to contest this determination in Tax Court, 90 days from the date of the letter. There is no indication that you petitioned the Tax Court or that you did not receive this notice. You failed to propose an acceptable collection resolution.

If you want audit reconsideration, see enclosed Publication 3598.

- You raised the liability issue.

- You presented no relevant challenges to the appropriateness of the collection action.

- No other issues were raised.

**Balancing efficient tax collection with concern regarding intrusiveness:**

You did not provide the requested financial data necessary to make a determination concerning an alternate means of collection. Given the facts and circumstances of your case, the levy is the only means remaining to collect the tax. Therefore, it balances the need for efficient collection of taxes with a taxpayer's legitimate concern that the collection action be no more intrusive than necessary. [Reproduced literally.]

On May 8, 2007, petitioner filed a petition commencing this case. On June 26, 2007, petitioner filed an amended petition. Petitioner alleged in the amended petition that he disagrees with "the determination contained in the notice issued by the Internal Revenue Service for the year(s) or period(s) 2000-2001 & 2003".[4]

---

[4]Although petitioner alleged in the amended petition that he disagrees with "the determination contained in the notice issued by the Internal Revenue Service for the year(s) or period(s) 2000-2001 & 2003", the notice of determination that respondent issued to petitioner and that petitioner attached to the petition and the amended petition pertains to petitioner's taxable years

(continued...)

In the amended petition, petitioner further alleged in pertinent part:  "I ALSO REALIZE THAT IRS IS RELUTANT [sic] TO SPEND AS MUCH TIME AS THEY DID TO PROVE THEIR CASE (WHICH THEY HAVE NOT) BECAUSE THEY MIGHT BE REPRIMANDED FOR NOT DROPPING THE CASE. THAT WOULD ALSO TAKE AWAY (1) ONE ATTABOY [sic]."

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Petitioner did not file a petition with the Court with respect to the notice of deficiency for 2000, 2001, and 2002. Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in making the determinations in the notice of determination with

---

[4](...continued)
2000, 2001, and 2002, and not 2003.

respect to petitioner's taxable years 2000, 2001, and 2002.

We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.